LAW OFFIC_ OF KATHLEEN A. KENNE
KATHLEEN A. KENNE (California SBN 225841)
2720 Neilson Way, #5141
Santa Monica, CA 90409-5141
Telephone (424) 204-6194
Facsimile: (310) 452-7067
lawofficekkenne@netzero.com

Attorney for Plaintiff, Terra L. Hands

FILED
CLERK, U.S. DISTRICT COURT
AUG 26 2014
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

**THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERRA L. HANDS,<br><br>Plaintiff,<br><br>vs.<br><br>ADVANCED CRITICAL CARE-LOS ANGELES, INC.; and RICHARD MILLS, D.V.M.; RACHELLE SURRENCY; AMY GRAHAM, as corporate employees of ADVANCED CRITICAL CARE-LOS ANGELES, INC. and individually,<br><br>Defendants. | LA CV14 06514-ODW (CWx)<br>**CASE NO.**<br><br>**CIVIL COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

LODGED
2014 AUG 19 PM 1:09
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:

Plaintiff TERRA L. HANDS ("Ms. Hands") alleges:

1. Plaintiff, Ms. Hands is and was at all times mentioned herein a citizen of the State of California.

2. ADVANCED CRITICAL CARE-LOS ANGELES, INC. ("ACC") is a corporation incorporated under the laws of the State of California, licensed and having its principal place of business in the State of California.

3. Defendants, RICHARD MILLS, D.V.M.; RACHELLE SURRENCY, and AMY GRAHAM, are and were at all times mentioned executive corporate employees of ADVANCED CRITICAL CARE-LOS ANGELES, INC.; and were and are at all times mentioned herein individually residents of the State of California.

4. The jurisdiction of this Court over the subject matter of this action is predicated on the Family and Medical Leave Act ("FMLA") as set forth at 29 USC § 28.

5. The defendants are incorporated in, doing business in, and have their principal place of business in this district; and the claims arose in this district.

6. All conditions precedent, if any, have occurred or been performed prior to the filing of this complaint.

7. In February 2006 Ms. Hands was employed by ACC as a receptionist.

8. In July 2007 Ms. Hands was hand-selected by defendant Amy Graham ("Ms. Graham") and was promoted to ACC's administrative assistant position.

9. Ms. Hands' promotion also included being moved from the front reception area to the back administrative offices.

10. In July 2008 Ms. Hands' administrative assistant position was third in the administrative hierarchy with increased responsibilities including a variety of duties assisting Ms. Graham as ACC's Hospital Manager such as bookkeeping, accounting, human resources, and cultural events.

11. In or about November of 2010 Ms. Hands informed ACC and Ms. Graham of her pregnancy with an anticipated due date of June 29, 2011 and her intention to continue working up to and until the time of delivery.

12. On April 1, 2011, Ms. Hands unexpectedly went into premature labor and informed ACC and Ms. Graham of the same.

13. On the early morning of Aprii 2, 2011, Ms. Hands delivered a very premature daughter by emergency caesarian section who was hospitalized in the Neonatal Intensive Care Unit ("NICU") requiring constant medical care and treatment.

14. On or about April 6, 2011, ACC moved another ACC receptionist into Ms. Hands' administrative position on an emergency temporary basis until Ms. Hands' her return from her emergency family and medical ieave.

15. In April 2011 Ms. Hands was released and then re-admitted to the hospital based on her own complications from the caesarian surgery.

16. In September 2011 Ms. Hands personally met with ACC and was specifically informed and reassured that her employment with the ACC was secure and waiting for her return.

17. Ms. Hands' premature infant underwent several heart surgeries and remained in critical condition in the NICU of several hospitals from April 2, 2011 until her death on November 14, 2011.

18. Immediately after her infant's death, Ms. Hands suffered emotional distress, grief, anxiety, depression and symptoms of post-traumatic stress disorder and was under the care of a medical physician.

19. In January 2012, Ms. Hands requested an early release from your physician to return to work at ACC.

20. On January 16, 2012 Ms. Hands did returned to work at ACC, but was never fully re-instated in her prior administrative assistant position with all of your former seniority and responsibilities of the prior five years.

21. In March of 2012, ACC and defendant Richard Mills, D.V.M. ("Dr. Mills") hired defendant Rachelle Surrency ("Ms. Surrency") as ACC's new Chief Operating Officer ("COO").

22. On May 15, 2012, Ms. Hands became aware that ACC and Ms. Surrency intended to demote Ms. Hands into a receptionist/receptionist supervisor position and relocate her from the back administrative offices up to the front reception area.

23. In May and June 2012 defendants ACC, Dr. Mills, Ms. Surrency and Ms. Graham, among others, attempted repeatedly to threaten, intimidate and coerce Ms. Hands into accepting the demotion as receptionist/receptionist supervisor in lieu of being fully reinstated into her former administrative assistant position.

24. From May 15, 2012 to June 1, 2012 Ms. Hands repeatedly declined the receptionist/receptionist supervisor position orally since she had never been provided with either a written job description or formal written offer for that position.

25. From May 15, 2012 to June 1, 2012 Ms. Hands also repeatedly insisted on being fully reinstated into your former administrative assistant position which was still occupied by the ACC employee temporarily assigned to her position on or about April 6, 2011 at the time of her emergency premature delivery.

26. For the first time late on the afternoon of June 1, 2012 Ms. Hands was provided with a written job description by ACC for the receptionist/receptionist supervisor position.

27. After reviewing the written job description provided late on Friday, June 1, 2012, on Monday, June 4, 2012 Ms. Hands formally declined the demotion to the receptionist/receptionist supervisor position in writing; and again insisted on being fully reinstated to her former position as administrative assistant or a very similar position in full compliance with the FMLA.

28. On June 6, 2012, after formally declining the demotion in writing Ms. Hands was terminated from her employment at ACC by ACC, Dr. Mills, Ms. Surrency and Ms. Graham.

29. Ms. Hands alleges that ACC's failure to fully reinstate her back into her former administrative assistant position in the back administrative offices which she held for five years prior to her emergency Family and Medical Leave in April of 2011 was malicious and is in direct violation of the plain language of that federal act, as well as all corresponding state laws related to family, pregnancy and medical leaves.

30. Ms. Hands is informed and believes and now further alleges that the attempted demotion, coercion, and wrongful termination in May/June of 2012 by Ms. Surrency, adopted by ACC, Dr. Mills and Ms. Graham, was in part for an ulterior purpose to enable Ms. Surrency to embezzle ACC funds from the corporation without discovery by Ms. Hands; and so as to allow Ms. Surrency to continue to embezzle ACC funds from the corporation until her eventual discovery and termination in February of 2014.

31. As a result of the defendants' acts alleged herein, Ms. Hands was damaged both emotional and financially by the loss of her gainful employment at ACC after six years, including loss of wages, health benefits, retirement benefits, vacation benefits, and other employment related benefits.

WHEREFORE, plaintiff TERRA L. HANDS prays for judgment against defendants ADVANCED CRITICAL CARE-LOS ANGELES, INC.; and

individuals, RICHARD MILLS, D.V.M.; RACHELLE SURRENCY; and AMY GRAHAM jointly and severally as follows: Monetary damages in the sum of no less than $250,000.00; punitive damages according to proof; attorney fees and costs of suit according to proof; and any further relief which the Court may deem appropriate.

DATED: August 19, 2014

KATHLEEN A. KENNE

**LAW OFFICE OF KATHLEEN A. KENNE**
2720 Neilson Way, #5141
Santa Monica, CA 90409-5141
lawofficekkenne@netzero.com
Telephone (424) 204-6194
Facsimile: (310) 452-7067

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as provided by Rule 38 (a) of the Federal Rules of Civil Procedure.

DATED: August 19, 2014

KATHLEEN A. KENNE
Attorney for Plaintiff, Terra L. Hands

# UNITEL ATES DISTRICT COURT, CENTRAL DISTRICT Or CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
TERRA LEIGH HANDS

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
ADVANCED CRITICAL CARE- LOS ANGELES, INC.; RICHARD MILLS, DVM; RACHELE SURRENCY, AND AMY GRAHAM, AS CORPORATE EMPLOYEES OF ADVANCED CRITICAL CARE-LOS ANGELES, INC. AND INDIVIDUALLY.

(b) County of Residence of First Listed Plaintiff LOS ANGELES
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant LOS ANGELES
*(IN U.S. PLAINTIFF CASES ONLY)*

(c) Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.
LAW OFFICE OF KATHLEEN A. KENNE
2720 NEILSON WAY, #5141
SANTA MONICA, CA 90409-5141; TEL. (424) 204-6194

Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.
STACY L. DOUGLAS, ESQ.
Wood Smith et al LLP
10960 Wilshire Blvd 18th Floor
Los Angeles, CA 90024 ; TEL. (310) 481-7600

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☒ 1. Original Proceeding ☐ 2. Removed from State Court ☐ 3. Remanded from Appellate Court ☐ 4. Reinstated or Reopened ☐ 5. Transferred from Another District (Specify) ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT:** $ 250,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 USC 28- WRONGFUL FAILURE TO REINSTATE, ATTEMPTED DEMOTION, AND TERMINATION AFTER RETURNING FROM FAMILY AND MEDICAL LEAVE.

**VII. NATURE OF SUIT** (Place an X in one box only).

**OTHER STATUTES**
☐ 375 False Claims Act
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/Etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Org.
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Info. Act
☐ 896 Arbitration
☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.)
☐ 153 Recovery of Overpayment of Vet. Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment

**REAL PROPERTY CONT.**
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpratice
☐ 365 Personal Injury-Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

**TORTS — PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 American with Disabilities-Employment
☐ 446 American with Disabilities-Other
☐ 448 Education

**PRISONER PETITIONS**
**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
**Other:**
☐ 540 Mandamus/Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee Conditions of Confinement

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 740 Railway Labor Act
☒ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405 (g))
☐ 864 SSID Title XVI
☐ 865 RSI (405 (g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: LA CV14 06514

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? ☐ Yes ☒ No | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? ☐ Yes ☒ No | B.1. Do 50% or more of the defendants who reside in the district reside in Orange Co.? *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☒ NO. Continue to Question B.2. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | B.2. Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☒ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action? ☐ Yes ☒ No | C.1. Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☒ NO. Continue to Question C.2. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | C.2. Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☒ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| D.1. Is there at least one answer in Column A? | D.2. Is there at least one answer in Column B? |
|---|---|
| ☐ Yes ☒ No<br>If "yes," your case will initially be assigned to the SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E, below, and continue from there.<br>If "no," go to question D2 to the right. → | ☐ Yes ☒ No<br>If "yes," your case will initially be assigned to the EASTERN DIVISION.<br>Enter "Eastern" in response to Question E, below.<br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below. ↓ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: → | WESTERN |

**QUESTION F: Northern Counties?**

Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? ☐ Yes ☒ No

UNITEL ATES DISTRICT COURT, CENTRAL DISTRICT Or ALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court?** ☒ NO ☐ YES

If yes, list case number(s):

**IX(b). RELATED CASES:** Is this case related (as defined below) to any cases previously filed **in this court?** ☒ NO ☐ YES

If yes, list case number(s):

Civil cases are related when they:

☐ A. Arise from the same or closely related transactions, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Check all boxes that apply. That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** KATHLEEN A. KENNE DATE: 08/15/2014

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |